UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHONDA VILLAMOR,<br><br>Plaintiff(s),<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>Defendant(s). | Case No. 2:23-cv-00327-JAD-NJK<br><br>**Order**<br><br>[Docket No. 14] |

Pending before the Court is Plaintiff's motion to withdraw admissions. Docket No. 14. Defendant PlusFour filed a response in opposition. Docket No. 15. Plaintiff filed a reply. Docket No. 16. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, Plaintiff's motion to withdraw admissions is **GRANTED**.

**I.    BACKGROUND**

Plaintiff brought this suit under the Fair Credit Reporting Act stemming from her allegations that her credit report inaccurately reflected an account in collection status with a past due amount of $1,063, which Plaintiff disputed. Docket No. 1 at ¶¶ 17, 18.

Defendant served Plaintiff with requests for admission as follows:

**REQUEST FOR ADMISSION NO.1:**

Admit that the debt, or some part thereof, is still due and owing.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you received bills, invoices, and other correspondence from the original creditor advising you that you owed the debt.

**REQUEST FOR ADMISSION NO. 3:**

Admit that you received written communication from PlusFour providing validation of the debt.

1

**REQUEST FOR ADMISSION NO. 4:**

Admit that you did not receive an explanation of benefits or any other document from your insurance company at the time the debt was incurred indicating that the debt had been paid.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you did not receive any credit denials as a result of the debt.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you have no evidence indicating any impact on your creditworthiness that can be directly attributed to the actions of PlusFour in relation to the debt.

Docket No. 14-1 at 5-6.

These requests for admission were served on June 30, 2023. Docket No. 14-1 at 7. The deadline to respond to the requests for admission expired 30 days later. Fed. R. Civ. P. 36(a)(3). Responses were not served by that date. On August 7, 2023, defense counsel contacted Plaintiff's counsel regarding the failure to timely respond to the requests for admission. *See* Docket No. 14 at 3. The parties engaged in a meet-and-confer on August 10, 2023. *See id.* On August 11, 2023, Plaintiff served untimely responses. Docket No. 14-2 at 3.[1] On August 21, 2023, Plaintiff filed the instant motion. *See* Docket No. 14 (notice of electronic filing).

On September 22, 2023, discovery closed. *See* Docket No. 11 at 2. On October 23, 2023, the deadline for dispositive motions expired, at which time the parties filed dispositive motions. *Id.*; *see also* Docket Nos. 17-18. Trial has not been set.

**II.    STANDARDS**

Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, a party may serve on another party a written request to admit the truth of any matter within the scope of Rule 26(b)(1). A failure to timely respond results in the automatic admission of the matter. Fed. R. Civ. P. 36(a)(3). As such, "[e]very civil practitioner knows that a set of requests for admissions is a

---

[1] Plaintiff admits that she did not receive an explanation of benefits or any other document from her insurance company at the time the debt was incurred indicating that the debt had been paid. *See* Docket No. 14-2 at 3. Plaintiff denies the other requests. *See id.*

2

grenade with its pin pulled: the failure to serve timely denials can blow up a case." *Weil v. Walmart, Inc.*, 644 F. Supp. 3d 772, 781 (D. Nev. 2022).

Rule 36(b) of the Federal Rules of Civil Procedure provides a reprieve from that danger, however, allowing for the potential to withdraw admissions. "[T]wo requirements must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal." *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001). The party seeking withdrawal of admissions bears the burden of satisfying the first prong of the test. *See, e.g.*, *McNamara v. Hallinan*, 2019 WL 6122003, at *3 (D. Nev. Oct. 28, 2019). The party opposing withdrawal of admissions bears the burden of satisfying the second prong of the test. *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007).

Even where both requirements have been satisfied, Rule 36(b) is "permissive" and does not mandate withdrawal of the admissions. *Id.* at 624-25. Moreover, the Ninth Circuit has urged district courts "to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985). In determining whether to exercise its discretion to allow withdrawal, courts may consider the reason for the delay and whether the moving party appears to have a strong case on the merits. *Conlon*, 474 F.3d at 625. Courts may also consider whether the circumstances warrant alternative sanctions, including an order imposing a monetary fine or requiring payment to the opposing party for increased expenses, in conjunction with an order allowing admissions to be withdrawn. *Hadley v. United States*, 45 F.3d 1345, 1350 (9th Cir. 1995).

**III.    ANALYSIS**

    A.    <u>Presentation of the Merits of the Action Must be Subserved</u>

The first prong of the test requires a showing that presentation of the merits of the action will be subserved. *Sonoda*, 255 F.3d at 1039. This part of the test is satisfied when "upholding the admissions would practically eliminate any presentation of the merits of the case." *Conlon*, 474 F.3d at 622 (quoting *Hadley*, 45 F.3d at 1348). "While not necessarily case-dispositive, district courts have found a sufficient showing is made when admissions go to core issues that would in

large part resolve the case." *Martinez v. Smith's Food & Drug Ctr., Inc.*, 2022 WL 2160983, at *4 (D. Nev. June 15, 2022) (collecting cases).

The admissions here may not be all-encompassing death blows to Plaintiff's case, but they do go to core issues in the case. Most obviously, Plaintiff has admitted by default that the underlying debt is indeed "due and owing" even though her complaint is predicated on that debt being reported inaccurately.

Presentation of the merits of the action will be subserved in this case.

### B. Lack of Prejudice to The Party who Obtained the Admissions

Plaintiff having satisfied the first prong of the pertinent test, the Court turns to whether Defendant has established prejudice in allowing withdrawal of the admissions. "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth.'" *Hadley*, 45 F.3d at 1348 (quoting *Brook Village N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). "'Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." *Id.* A lack of discovery, without more, does not constitute prejudice. *See Conlon*, 474 F.3d at 624. Prejudice is more likely to be found where the motion for withdrawal is made during trial or when trial is imminent. *See id.*; *Hadley*, 45 F.3d at 1348. By contrast, prejudice is unlikely to be found when the motion to withdraw admissions is filed before the close of discovery and deadline for dispositive motions. *See Weil*, 644 F. Supp. 3d at 779.

Defendant argues that prejudice exists because it "put forth a substantial amount of time and effort in reliance on" Plaintiff's default admissions. Docket No. 15 at 3. Such reasoning fails on multiple levels. First, the test focuses on prejudice that would exist at trial, which has not been shown here. *Hadley*, 45 F.3d at 1348. Second and similarly, "reliance on admissions in moving for summary judgment does not constitute prejudice" for purposes of this test. *Weil*, 644 F. Supp. 3d at 778 (citing *Conlon*, 474 F.3d at 624). Third, Defendant's reliance argument is strained as a factual matter because Plaintiff promptly served her responses to the requests for admission once the expiration of the deadline became apparent, which was less than two weeks after that deadline,

4

and then filed the instant motion ten days later. Defendant was on notice that any reliance on the admissions may be misplaced given this timetable. *Cf. Weil*, 644 F. Supp. 3d at 778. Fourth, Plaintiff moved to withdraw these admissions early in the case, while discovery remained ongoing and dispositive motions had not been filed. *See id.* at 779.[2]

Defendant has not established prejudice in this case.

### C. Discretionary Factors

Having determined the two required elements of the test, the Court turns to analyzing whether it should exercise its discretion to allow withdrawal of the admissions. Such discretionary analysis includes analysis of the reason for the delay. *Conlon*, 474 F.3d at 625.[3]

Plaintiff's counsel attests that the deadline to deny the requests for admission was missed due to a calendaring error. *See* Docket No. 14-3 at ¶ 4. Plaintiff's counsel accepts responsibility for that shortcoming and has taken the necessary steps to assure that it is not repeated in the future. *Id.* at ¶¶ 5-6. Such carelessness is not ideal, of course, but there is no indication in the record that Plaintiff was attempting to thwart the discovery process or was otherwise proceeding in bad faith. *Cf. McNamara*, 2019 WL 61222003, at *5. Moreover and significantly, Plaintiff moved expeditiously to correct that deficiency once it was identified. *Cf. Weil*, 644 F. Supp. 3d at 779.

Plaintiff has shown good cause for the delay, justifying an exercise of discretion to allow withdrawal of the admissions.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motion to withdraw admissions is **GRANTED**. If Defendant believes this decision necessitates the reopening of discovery, it must file a motion

---

[2] Defendant strains credulity in arguing prejudice stemming from its counsel engaging in a meet-and-confer. Docket No. 15 at 3. The ordinary effort of conferring is surely not the type of trial-related prejudice the Ninth Circuit envisioned in fashioning the governing test.

[3] The Court may also consider the strength of the movant's case, but need not necessarily do so in all cases. *McNamara*, 2019 WL 61222003, at *6. Given the cursory treatment of this issue by both sides, *see* Docket No. 14 at 7-8; *see also* Docket No. 15 at 4-5, the Court declines to address the strength of Plaintiff's case here.

supported by meaningfully developed argument for that relief by November 9, 2023.  *Cf. Weil*, 644 F. Supp. 3d at 782.[4]

IT IS SO ORDERED.

Dated: October 26, 2023

                                        Nancy J. Koppe
                                      United States Magistrate Judge

---

[4] When a court considers allowing withdrawal of admissions, it may impose alternative sanctions related to that relief.  *Hadley*, 45 F.3d at 1350; *see also Mid Valley Bank v. N. Valley Bank*, 764 F. Supp. 1377, 1391 (E.D. Cal. 1991).  Alternative sanctions are not warranted in the circumstances of this case.

6