UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Shonda Villamor,

    Plaintiff

v.

PlusFour, Inc.,

    Defendant

Case No.: 2:23-cv-00327-JAD-NJK

**Order Granting Summary Judgment for Defendant and Closing Case**

[ECF Nos. 17, 18]

    Shonda Villamor sues debt-collection agency PlusFour, Inc. for violating the Fair Credit Reporting Act (FCRA), alleging that it failed to conduct a reasonable investigation after she reported that it was furnishing inaccurate information to credit-reporting agencies. Villamor and PlusFour now crossmove for summary judgment.[1] PlusFour argues that Villamor has conceded that her insurer never actually paid the underlying medical debt and that the at-issue information is, therefore, accurate.[2] And her FCRA claim can't move forward, PlusFour contends, in the absence of inaccurately reported information.[3] Villamor doesn't dispute that this debt remains outstanding but argues that PlusFour's reporting isn't accurate because her insurer was supposed to (but didn't) foot the bill.[4] Because an FCRA claim against a furnisher can't proceed without a prima facie showing that it reported inaccurate information, and because Villamor falls far short of that showing, I grant summary judgment for PlusFour and close this case.

---

[1] ECF Nos. 17, 18.

[2] ECF No. 20 at 7–9. While PlusFour's initial motion for summary judgment appears at ECF No. 17, its summary judgment briefing wasn't filed in accordance with local rules and was thus refiled at ECF No. 20. I cite to this latter brief and exhibits throughout this order.

[3] *Id.*; *see also* ECF No. 26 at 6.

[4] ECF No. 18 at 8.

**Discussion**

**A.      Legal Standard**

The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[5] The moving party bears the initial responsibility of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[6] If the moving party satisfies its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show a genuine issue for trial.[7] "When simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the appropriate evidentiary material identified and submitted in support of"—and against—"both motions before ruling on each of them."[8]

**B.      PlusFour is entitled to summary judgment because it didn't furnish inaccurate information.**

PlusFour is a furnisher under the FCRA because it supplied information about Villamor's debts to national credit-reporting agencies (CRAs).[9] "Just as in a lawsuit against a credit reporting agency, to prevail on an FCRA claim against a furnisher, a consumer must make a

---

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[6] *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

[7] Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Auvil v. CBS 60 Minutes,* 67 F.3d 816, 819 (9th Cir. 1995).

[8] *Tulalip Tribes of Wash. v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015) (citing *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two,* 249 F.3d 1132, 1134 (9th Cir. 2001)).

[9] *See* 15 U.S.C. § 1681i(a); 12 C.F.R. 1022.41(c) ("Furnisher means an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report."); *see also* ECF No. 1 at ¶ 14.

prima facie showing that the furnisher's report was inaccurate."[10] This showing must be made before the court considers the reasonableness of the furnisher's investigation; "if there is no inaccuracy, then the reasonableness of the investigation is not in play."[11] Information is inaccurate within the meaning of the FCRA if it is either "patently incorrect or is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions."[12] "Patently incorrect" means, "at the very least, information that is inaccurate on its face . . . ."[13]

In her complaint, Villamor alleged that PlusFour "inaccurately reported" an account of hers as being "in collection status with a past due amount of $1,063."[14] This amount related to medical treatment she received, and Villamor alleged that she "paid the co-pay amount on the account and the remaining balance was paid by [her] insurance company."[15] The supposed false reporting of this specific debt is the entire premise of Villamor's FCRA claims against PlusFour.[16] But Villamor has since testified that—to her knowledge—her insurance company never actually paid that remaining balance.[17] And she has offered no other evidence suggesting that it ever did or that she ever paid anything beyond her $25 copay for that visit.

---

[10] *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022); *see also Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quotations omitted) (to sustain an FCRA claim against a CRA, "a consumer must first make a prima facie showing of inaccurate reporting by the CRA").

[11] *Gross*, 33 F.4th at 1251.

[12] *Shaw*, 891 F.3d at 756 (quotation omitted); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

[13] *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012) (quoting *Carvalho v. Equifax Info. Svcs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)) (cleaned up).

[14] ECF No. 1 at ¶ 17.

[15] *Id.*

[16] *See generally* ECF No. 1.

[17] ECF No. 20-2 at 30:1–8.

Instead, Villamor now argues that the information PlusFour furnished is still inaccurate because her insurer *should* have paid for the underlying medical bill.[18] But even assuming this is true, she doesn't explain how (or cite any authority for the proposition that) it somehow renders her not personally responsible for that debt. Villamor's dispute is more properly directed at her insurer or the urgent-care facility where she received treatment rather than PlusFour, which appears to have simply furnished accurate information about Villamor's unpaid medical bill to CRAs. In short, Villamor hasn't demonstrated or raised a genuine factual dispute that the information PlusFour furnished was inaccurate.[19] So I deny her motion for summary judgment and grant PlusFour's motion for the same relief on Villamor's sole reasonable-investigation FCRA claim.

## Conclusion

IT IS THEREFORE ORDERED that Villamor's motion for summary judgment **[ECF No. 18] is DENIED.**

IT IS FURTHER ORDERED that PlusFour's motion for summary judgment **[ECF No. 17] is GRANTED.**

**The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

                                                                                            _____
                                                              U.S. District Judge Jennifer A. Dorsey
                                                                              July 16, 2024

---

[18] ECF No. 18 at 8; ECF No. 24 at 8.

[19] For this reason, I need not—and thus do not—address PlusFour's statute-of-limitations argument.